JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [14]

### I. INTRODUCTION

Pending before the Court is Plaintiff Hakima Mitchell's ("Plaintiff") Motion to Remand this case to the Los Angeles County Superior Court for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 14.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Because Defendant GrubHub, Inc. ("Defendant") does not satisfy the amount in controversy requirement to establish diversity jurisdiction, the Court **GRANTS** Plaintiff's Motion to Remand.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an action for civil penalties and reasonable attorneys' fees pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.* Defendant[1] provides food delivery services through an online platform. (Notice of Removal ¶ 13.) Plaintiff began working for Defendant on or around December 2014, and continues to work for Defendant as a Delivery Service Provider ("DSP"), delivering food to diners who place orders with restaurants via Defendant's online platform. (Compl. ¶ 4; Notice of Removal ¶ 13.) Plaintiff brings this representative action under PAGA on behalf of "aggrieved employees," including "Plaintiff and all other persons who worked, or will work, for Defendant as [DSPs] in the

---

[1] Defendant is a corporation, organized under the laws of Delaware, and headquartered in Illinois.

Case 2:15-cv-05465-BRO-AS   Document 17   Filed 08/28/15   Page 2 of 12   Page ID #:192

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

State of California during the one-year period before the filing of this action to the date of final judgment." (Compl. ¶ 5.)

Plaintiff alleges that Defendant is liable for civil penalties as a result of: (1) willfully misclassifying Plaintiff and other DSPs as independent contractors in violation of California Labor Code §§ 226.8(a)(1), 3357, (Compl. ¶¶ 17–19); (2) failing to pay Plaintiff and other DSPs minimum and overtime wages for all hours worked in violation of California Labor Code §§ 351, 510, 1194, 1198, (Compl. ¶¶ 20–26); (3) failing to provide Plaintiff and other DSPs with meal and rest periods in violation of California Labor Code §§ 226.7, 512, 1198, (Compl. ¶¶ 27–33); (4) failing to provide Plaintiff and other DSPs with accurate written wage statements in violation of California Labor Code § 226(a), (Compl. ¶¶ 34–35); (5) failing to provide Plaintiff and other DSPs earned wages in violation of California Labor Code §§ 201–204, (Compl. ¶¶ 36–41); and (6) failing to indemnify Plaintiff and other DSPs for expenses they have incurred in direct consequence of performing their job duties in violation of California Labor Code § 2802, (Compl. ¶¶ 42–43).

Defendant removed this matter July 17, 2015, claiming that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000. (Dkt. No. 1.)

Plaintiff filed the instant Motion to Remand on August 3, 2015,[2] asserting that Defendant does not meet its burden of demonstrating that the amount in controversy exceeds $75,000. (Dkt. No. 14.) Defendant opposed Plaintiff's motion on August 10, 2015, (Dkt. No. 15), and Plaintiffs replied on August 17, 2015, (Dkt. No. 16).

## III.   LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally

---

[2] On July 22, 2015, the Court granted the parties' stipulation to extend the deadline for Plaintiff to file her Motion for Remand to August 3, 2015. (Dkt. No. 12.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

filed the action in federal court. In other words, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." 28 U.S.C. § 1332(a). The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Because it is a jurisdictional requirement, the parties cannot waive the $75,000 amount in controversy. *See* 28 U.S.C. § 1332(a). The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

A court must remand a case if, at any time before final judgment, "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). To determine whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). When determining diversity jurisdiction pursuant to a removal, there is a "strong presumption" that the plaintiff has not claimed an amount large enough to establish federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *accord Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Gaus*, 980 F.2d at 566. "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07.

"Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *accord Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendant "always has the burden of establishing that removal is proper," and "[i]f it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d 566–67.

## IV. DISCUSSION

The parties do not dispute complete diversity. (*See generally* Mot. at 1; Opp'n at 1.) Plaintiff and the "aggrieved employees" as defined in Plaintiff's Complaint are citizens of California. (Compl. ¶ 5.) Defendant is a Delaware corporation with its principal place of business in Illinois. (Notice of Removal ¶ 13.) Because a corporation is considered a citizen of the state or states in which it is incorporated and maintains a principal place of business, 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and Illinois; the Court agrees with the parties that complete diversity exists.

Plaintiff bases her Motion to Remand on Defendant's alleged failure to establish an amount in controversy that exceeds $75,000, as required by 28 U.S.C. § 1332(a). (*See generally* Mot. to Remand.) To determine the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Jackson v. Am. Bankers Ins. Co. of Fla.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)).

Unless Defendant overcomes the "strong presumption" against removal and can meet its burden by establishing the Court's original jurisdiction by a preponderance of the evidence, the Court must remand this action. *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07. Plaintiff argues that Defendant does not meet its burden because: (1) Defendant "erroneously assumes for amount in controversy purposes that Plaintiff was subjected to violations of the California Labor Code during pay periods when she did not even work and to which she was not personally subjected"; (2) Defendant "fails to reduce the civil penalties under the PAGA attributable to Plaintiff by 75% for the portion payable to the LWDA"; and (3) Defendant "fails to attribute the statutory attorneys' fees that Plaintiff seeks on a pro rata basis to all allegedly Aggrieved Employees, and instead attribute 100% of the attorneys' fees sought solely to Plaintiff." (Mot. to Remand at 3–4.) The Court will address each of Plaintiff's arguments below.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

### A. Only Plaintiff's Individual Interests in the Potential Recovery Count Towards the Amount in Controversy Requirement

As discussed, Plaintiff's complaint alleges violations under PAGA. (Compl. ¶¶ 45–50.) PAGA authorizes the California Labor and Workforce Department Agency ("LWDA") to assess and collect civil penalties for certain violations of the Labor Code. *See* Cal. Labor Code § 2699(a). If the LWDA declines to investigate or issue a citation for an alleged violation, PAGA permits an aggrieved employee to bring civil actions "on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(g)(1). Not all PAGA lawsuits are class actions. *Arias v. Super. Ct.*, 46 Cal. 4th 969, 975 (Cal. 2009) (holding that a plaintiff may maintain a representative suit under PAGA without satisfying class action requirements).

"The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating [their claims] to satisfy the amount in controversy requirement." *Urbino v. Orkins Serv. of Cal.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citing *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911)). In a representative action, the Court may aggregate the claims of multiple plaintiffs only when the claims "unite to enforce a single title or right in which [the plaintiffs] have a common and undivided interest." *Urbino*, 726 F.3d at 1122 (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). The Ninth Circuit has held that the court cannot aggregate PAGA claims of all aggrieved employees to satisfy the amount in controversy requirement of § 1332 because each employee holds his or her rights individually and "each employee suffers a unique injury." *Urbino*, 726 F.3d at 1122.

The civil penalty for violations of the Labor Code is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699(f)(2). In its Notice of Removal, Defendant uses this penalty scheme to calculate that the amount Plaintiff seeks for items other than attorneys' fees is at least $64,490.63.[3] (Notice of Removal ¶ 27.) Plaintiff's Motion to Remand alleges that

---

[3] Defendant's Notice of Removal claims that "the total sum alleged under Plaintiff's individual PAGA claim alone is $63,600, plus an amount sufficient to recover underpaid wages to Plaintiff (estimated to be at least $712.50), plus 25% of the amount unlawfully withheld from Plaintiff." (Notice of Removal

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

Defendant's amount in controversy calculation improperly includes civil penalties for violations against other aggrieved employees, which Plaintiff cannot personally and individually claim against Defendant. (Mot. to Remand 4–5.)

> **1. The Court Does not Include the Calculated Penalties for Violations of Labor Code §§ 201, 202, and 203 Where Plaintiff, a Current Employee, Specifically Alleges Violations of Those Sections on Behalf of Aggrieved Employees who are Former Employees After Separations of Employment**

Defendant, in calculating the amount in controversy, included civil penalties for pay periods for violations of California Labor Code §§ 201, 202, and 203 against the Plaintiff. (Notice of Removal ¶ 22.) An employee's resignation or discharge is a prerequisite for finding that Defendant violated these sections. *See* Cal. Lab. Code §§ 201–203. According to Plaintiff's Complaint, Plaintiff "currently works" for Defendant as a DSP and thus has not resigned or been discharged. (Compl. ¶ 4.) Plaintiff's Complaint specifically alleges violation of California Labor Code §§ 201–203 "by failing to pay earned minimum, premium, and/or overtime wages to the Aggrieved Employees who are *former employees after separations of employment* as a result of the conduct above." (Compl. ¶ 41 (emphasis added).) Plaintiff otherwise alleges that Defendant violated the Labor Code with respect to "Plaintiff and the Aggrieved Employees." (*See, e.g.*, ¶¶ 19, 26, 33, 34, 40.)

Plaintiff's allegations suggest that Defendant's violations under Labor Code §§ 201–203 are irrelevant to Plaintiff's individual claim and the Court therefore declines to include such claims in its calculation of the amount in controversy.[4] Plaintiff correctly calculates that the appropriate offset for this alleged error is a reduction in Defendant's

---

¶ 27.) Based on Defendant's estimation, the Court calculates the total sum alleged by Defendant to be $64,490.63 ($63,600 + $712.50 + 25% of $712.50 or $178.13 = $64,490.63).

[4] Plaintiff alleges that she has standing to bring claims under Labor Code §§ 201–203 on behalf of other aggrieved employees in a representative capacity. (Mot. to Remand at 4 n.1.) The Court declines to decide whether Plaintiff has standing to bring such claims in a Motion for Remand, particularly where the Court doubts that it has jurisdiction over this case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | **HAKIMA MITCHELL V. GRUBHUB INC.** | | |

amount in controversy estimate by $9,300.00.[5] (Mot. to Remand at 4; Benowitz Decl. ¶ 5.)

### 2. The Court Does Not Include Calculated Penalties for Violations of Labor Code §§ 204 and 226(a) With Respect to Twelve Pay Periods That Plaintiff Stipulates she has no Claim

Plaintiff also alleges that Defendant erroneously included violations of Labor Code §§ 204 and 226(a) for failure to pay earned wages or provide accurate wage payments during twelve pay periods during which Plaintiff did not work. (Mot. to Remand at 4–5; Benowitz Decl. ¶ 6.) Plaintiff claims that this adjustment further reduces the amount in controversy by $2,400.00.[6] (Mot. to Remand at 5; Benowitz Decl. ¶ 6.) Plaintiff's Complaint is silent as to those weeks Plaintiff claims she did not work; it was not until filing this motion that Plaintiff alleged that she did not work during twelve particular pay periods. (Mot. to Remand at 4–5; *see also* Opp'n at 4 n.2.) The Court considers the Benowitz Declaration, submitted under the penalty of perjury, along with Plaintiff's Motion to Remand, as a legally-binding stipulation by an individual plaintiff to avoid removal to federal court. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the jurisdictional requirement.").

Plaintiff thus alleges that the Court should reduce Defendant's calculation of the amount in controversy, not including attorneys' fees, from $64,490.63 to $52,790.63.[7] (Mot. to Remand at 5; Benowitz Decl. ¶¶ 7–9.) Therefore, the Court finds that the amount in controversy—absent attorneys' fees—is $52,790.63.

---

[5] 31 pay periods * 3 violations per pay period * $100 per violation = $9,300. (Mot. to Remand at 4; Benowitz Decl. ¶ 5.)

[6] 12 pay periods * 2 violations per pay period * 100 per violation = $2,400. (Mot. to Remand at 5; Benowitz Decl. ¶ 6.)

[7] This amount is calculated from subtracting $9,300 and $2,400 from Defendant's previously calculated amount in controversy figure of $64,490.63. (Mot. to Remand at 5; Benowitz Decl. ¶¶ 7–9.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

### B. The Court Will Not Reduce the Amount in Controversy by the Amount of Civil Penalties Payable to the LWDA

Under PAGA, aggrieved employees share any civil penalty recovered with the State of California; the aggrieved employee retains 25 percent and 75 percent goes to the LWDA. Cal. Lab. Code § 2699(i). Plaintiff claims that the portion of civil penalties payable to the LWDA, 75 percent, should be "removed from the equation," decreasing the amount in controversy from $52,790.63 to $13,865.83.[8]

Although the Ninth Circuit held in *Urbino* that courts cannot aggregate the PAGA claims of all aggrieved employees to satisfy the amount in controversy requirement of § 1332, *Urbino*, 726 F.3d at 1122, district courts in this Circuit do not agree whether *Urbino* specifically addressed the issue of whether to include 25 percent or the total amount of civil penalties potentially recoverable in a PAGA claim. *Compare, e.g.*, *Willis v. Xerox Bus. Servs.*, No. 1:13–cv–01353–LJO–JLT, 2013 WL 6053831, at *8 (E.D. Cal. Nov. 15, 2013) ("[I]n *Urbino*, . . . the Ninth Circuit laid this question to rest and held that the interest of the LWDA cannot be considered in determining whether a plaintiff has demonstrated that the amount in controversy exceeds $75,000"), *with Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1045–48 (N.D. Cal. 2014) (finding that the *Urbino* Court did not address the question of whether the amount in controversy attributable to a representative plaintiff in a PAGA suit must be reduced by 75 percent and concluding that "the entire amount of PAGA penalties attributable to [plaintiff's] claims count towards the amount in controversy").

This Court agrees with those district courts that conclude *Urbino* did not address the question of whether the amount in controversy should include the amount payable to LWDA. *See, e.g.*, *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d at 1045. In *Urbino*, the Ninth Circuit's reasoning only focused on whether a plaintiff may aggregate his or her claims with the claims of other aggrieved employees, not the claims of the State or

---

[8] Plaintiff calculated this amount "by taking the amount of civil penalties under the PAGA ($52,790.63), subtracting $890.63 (the wages and 25% of the wages unlawfully withheld from Defendant's assumptions, taking 25% of the remainder (i.e., 0.25 * $51,900.00 = $12,975.00), and adding back $890.63 ($12,975.00 + $890.63 = $13,865.83)." (Mot. to Remand at 6 n.4; Benowitz Decl. ¶ 11.) The Court clarifies that the $890.63 figure comes from the "amount sufficient to recover underpaid wages to Plaintiff (estimated to be at least $712.50), plus 25% of the amount unlawfully withheld from Plaintiff," (Notice of Removal ¶ 27): $712.50 + 25% of $712.50 or $178.13 = $890.63. (*See supra* note 3.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

the LWDA. *See Urbino*, 726 F.3d at 1120, 1122 (describing the question before the court as "whether the penalties recoverable on behalf of all aggrieved employees may be considered in their totality to clear the jurisdictional hurdle").

Yet *Urbino* remains instructive here. Unlike the unique and individualized claims made on behalf of multiple aggrieved employees, *see Urbino*, 726 F.3d at 1122, a single Labor Code violation breaches Defendant's obligation to the State of California and to Plaintiff "at the same time and in the same way," *Patel*, 58 F. Supp. 3d at 1048. The Court therefore finds that the amount in controversy includes the total amount of penalties for PAGA claims.[9] Accordingly, the Court still finds that the amount in controversy, not including attorneys' fees, is $52,790.63. (*See supra* note 7.)

### C. The Amount in Controversy Should Only Include the Pro-Rated Amount of Attorneys' Fees

Before considering attorneys' fees, the amount in controversy stands at $52,790.63. The only remaining issue is whether Defendant has met its burden to establish by a preponderance of the evidence that attorneys' fees of at least $22,209.38 can be considered in controversy.[10]

Under PAGA, "any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699. "[W]here an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

---

[9] The figures referenced in *Urbino* further support this Court's conclusion that the amount in controversy in PAGA cases includes the percentage of the penalties payable to LWDA. In *Urbino*, the Ninth Circuit stated that if it aggregated the penalties, the amount in controversy would total $9,409,550. *Urbino*, 726 F.3d at 1121. If the court did not aggregate the aggrieved employees' claims, the Court found that "Urbino's claims would be limited to $11,602.40," which is equal to the total penalties ($9,409,550) divided by the number of aggrieved employees (811). *Id.* The court did not discuss further reducing the amount in controversy by 75 percent. *See id.* While recognizing that reducing the $11,602.40 figure by 75 percent would not have affected the Ninth Circuit's conclusion in *Urbino*, this Court finds the figures useful.

[10] Plaintiff's share of attorneys' fees would need to place at least $22,209.38 in controversy ($75,000.01 - $52,790.63 = $22,209.38).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

Defendant estimates that Plaintiff's counsel will recover at least $250,000 in attorneys' fees if Plaintiff prevails. (Notice of Removal ¶ 29.) Plaintiff adopts this figure in her motion to remand for the sake of argument. (Mot. to Remand at 7–8.) Plaintiff contends that only the portion of attorneys' fees attributable to Plaintiff individually contributes to the amount in controversy. (*Id.* at 6.) Defendant argues that the Court should not prorate attorneys' fees because Plaintiff is the only named plaintiff and the "aggrieved employees" will not become parties to the lawsuit. (Opp'n at 6.) Defendant further alleges that in Plaintiff's signed DSP Agreement with Defendant, the parties mutually agreed to "waive their right to have any dispute or claim brought, heard or arbitrated as a class action, collective action and/or representative action." (*Id.* at 7; Mendoza Decl. ¶ 2, Ex. A.) Defendant also claims that the arbitration provision in the DSP Agreement precludes Plaintiff from seeking relief on behalf of other employees and thus the total amount of attorneys' fees should be attributed to Plaintiff alone. (Opp'n at 7–8.)

The Ninth Circuit has not specifically addressed whether courts should aggregate attorneys' fees to determine the amount in controversy. But federal courts in this Circuit have concluded, following *Urbino*, that "only the portion of attorney's fees attributable to [the named plaintiff's] claims count toward the amount in controversy." *Madison v. U.S. Bancorp*, 2015 WL 355984, at *3 (N.D. Cal. Jan. 27, 2015) (quoting *Patel*, 58 F. Supp. 3d at 1049); *see also Garrett v. Bank of Am., N.A.*, No. 13–cv–05263–JST, 2014 WL 1648759, at *8 (N.D. Cal. Apr. 24, 2014). "[W]hen the rule is that claims are not aggregated (as the rule was . . . for class actions under *Zahn* and as it is now for PAGA actions under *Urbino*), it would seriously undermine the [anti-aggregation] rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy." *Patel*, 58 F. Supp. 3d at 1049 (internal quotation marks omitted).

Defendant relies in part on *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421 SI, 2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) to support the proposition that the Court should consider all potential attorneys' fees when calculating the amount in controversy. (Opp'n at 7.) In *Lippold*, the plaintiff sought individual and class-wide damages for California Labor Code violations and the court attributed all of the attorneys' fees to the named plaintiff alone. *Lippold*, 2010 WL 1526441, at *4. Since *Lippold*—decided in 2010, more than three years before the Ninth Circuit decided *Urbino*—several district courts in this Circuit have determined that the amount in controversy in PAGA actions

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

should only include a plaintiff's pro-rated attorneys' fees. *See, e.g.*, *Madison v. U.S. Bancorp,* 2015 WL 355984, at *3 (N.D. Cal. Jan. 27, 2015); *Patel*, 58 F. Supp. 3d at 1048–49; *Garrett v. Bank of Am., N.A.*, 2014 WL 1648759, at *8 (N.D. Cal. Apr. 24, 2014).

The Court agrees with those cases that apply *Urbino* to suggest that attorneys' fees must be prorated. It would frustrate the Ninth Circuit's findings in *Urbino* to find otherwise. *See Urbino*, 726 F.3d at 1122 (holding that individual claims cannot be aggregated to meet amount in controversy requirement and explaining that "[t]here is no dispute that Urbino's individual potential recovery would not meet the $75,000 threshold" without discussing attorneys' fees). Therefore, the Court decides it is proper to pro-rate Defendant's $250,000 estimate of the total attorneys' fees among all aggrieved employees Plaintiff seeks to represent.

Plaintiff seeks to represent "all other persons who worked, or will work, for Defendant as DSPs in California during the one-year period before the filing of this action to the date of final judgment." (Compl. ¶ 15.) As Plaintiff argues, if there are even twelve such employees, that would make Plaintiff's pro rata share of the attorneys' fees $20,833.33, an amount insufficient to meet the $75,000 amount in controversy requirement.[11] (Mot. to Remand at 7–8.) Plaintiff claims that there are likely more than twelve employees that fit this category. (Mot. to Remand at 8; Benowitz Decl. ¶¶ 14–15.) The evidentiary burden is on Defendant to prove otherwise; but Defendant does not provide the Court with any evidence or *even an allegation* regarding the number of "aggrieved employees." (*See generally* Opp'n.)

Instead, Defendant asks this Court to interpret and apply an arbitration provision in the parties' DSP Agreement to attribute the full $250,000 in attorneys' fees to Plaintiff. (Opp'n at 7–8.) First, even if the Court agreed with Defendant's claims that "under the express terms of the parties' agreement, Plaintiff is precluded from seeking relief on behalf of other employees (including under PAGA)," and that she "nevertheless remains free to pursue her claims, PAGA or otherwise, on her own behalf (in arbitration)," the Court would then doubt Defendant's $250,000 estimate, which is presumably based on a

---

[11] Even if the Court were to use Defendant's original amount in controversy estimate of $64,490.63 absent attorneys' fees, a finding that there are 24 aggrieved employees would reduce the individually attributable attorney fees below the amount required to meet the minimum amount in controversy.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-05465-BRO (ASx) | Date | August 28, 2015 |
|---|---|---|---|
| Title | HAKIMA MITCHELL V. GRUBHUB INC. | | |

PAGA trial—not an arbitration. (*See* Notice of Removal ¶¶ 28–29.) Second, the Court cannot properly make a finding as to whether the arbitration provision applies to Plaintiff's case if the Court doubts that it has subject matter jurisdiction over this matter. *See Lopez v. Ace Cash Express*, No. LA CV 11–07116 JAK (JCx), 2015 WL 1383535, at * 6 (C.D. Cal. Mar. 24, 2015) (denying defendant's motion to compel arbitration as moot where the court had no jurisdiction to act on the motion, and "[t]o do so would be to issue a 'hypothetical judgment,' equivalent to an 'advisory opinion,' which federal courts are without jurisdiction to do" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998))). The Court therefore declines to consider the terms of the arbitration provision in the DSP Agreement to calculate the amount in controversy.

The Court doubts that the pro-rated amount of attorneys' fees will exceed $75,000 where Plaintiff broadly defines "aggrieved employees" and Defendant fails to even allege an estimated number of aggrieved employees. Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount," *Gaus*, 980 F.2d at 566–67, the Court finds that Defendant fails to establish federal subject matter jurisdiction over this matter.

## V.   CONCLUSION

For the foregoing reasons, Defendant fails to meet its burden to prove by a preponderance of the evidence that Plaintiff's allegations demonstrate an amount in controversy necessary to establish federal diversity jurisdiction. The Court **GRANTS** Plaintiff's Motion to Remand, and accordingly **REMANDS** this case to the Superior Court of California, County of Los Angeles. The hearing set for Monday, August 31, 2015, at 1:30 p.m., is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | Rf | |